IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL TEEN,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )          Case No.   18-cv-568-RJD
                                       )
SGT. STEVEN STRUBBERG and ST. CLAIR    )
COUNTY SHERIFF,                        )
                                       )
        Defendants.                    )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 50).

Plaintiff filed a timely response (Doc. 58).   For the reasons set forth below, Defendants' Motion is

**GRANTED IN PART AND FOUND AS MOOT IN PART**.

### Procedural Background

Plaintiff Antrell Teen, an inmate in the custody of the Illinois Department of Corrections

("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were

violated while he was detained at the St. Clair County Jail ("the Jail").   Plaintiff alleges he

submitted a number of complaints concerning issues at the Jail beginning in January 2016, and has

sued various Jail officials during his imprisonment.   Plaintiff alleges he was transferred to a

different cell block in retaliation for making his complaints.   Plaintiff's complaint was screened

pursuant to 28 U.S.C. § 1915A and he is proceeding on the following claim:

> Count One:   First Amendment retaliation claim against Sgt. Strubberg for
> transferring Plaintiff to J-Block in March 2016 in retaliation for
> Plaintiff's complaints about Jail conditions.

The St. Clair County Sheriff was added as a defendant only in his official capacity to assist

Page **1** of **7**

with identifying the unknown defendant.   As there are no claims pending against the Sheriff and the unknown defendant has been identified, the St. Clair County Sheriff is **DISMISSED WITH PREJUDICE**.

### Factual Background

Relevant to his Complaint, Plaintiff was incarcerated at the St. Clair County Jail beginning December 15, 2015 (Deposition of Antrell Teen, Doc. 50-8 at 3; *see* Doc. 50-1).   On December 16, 2015, Plaintiff was assigned to FF-G Cell 1, and, on January 2, 2015, Plaintiff was moved to FF-AA Cell 11 (Doc. 50-8; *see* Doc. 50-1).   On March 14, 2016, Plaintiff was reassigned to the J block in cell FF J Cell 1 (Doc. 50-8 at 3; *see* Doc. 50-1).

Plaintiff testified he was not given a reason for his transfer (Doc. 50-8 at 4).   However, Plaintiff testified he had submitted various captain's complaints prior to the transfer complaining about the Jail's failure to wash blankets, issues with maggots in the food, access to the law library, and dental care (*Id.*).   At his deposition, Plaintiff could not recall when he submitted these captain's complaints (*Id.* at 5-6).   With regard to the blanket issue, Plaintiff testified he submitted captain's complaints and the issue was resolved prior to his cell transfer (*Id.* at 6).   It is not clear whether any other captain's complaints were submitted prior to Plaintiff's cell transfer (*see id.* at 5-6).   Plaintiff never complained directly to Defendant Strubberg, but testified that Strubberg could have possibly received his captain's complaints because he was a sergeant at the time (*Id.* at 6-7).   Plaintiff testified he spoke with Strubberg on three occasions, but did not remember if any of these conversations occurred prior to his cell transfer on March 14, 2016 (*Id.* at 8).

Plaintiff testified that after his transfer to J Block he was told he was moved because this was the "85 percent lane," in reference to specific crimes and "truth in sentencing" (Doc. 50-8 at 11).   It is unclear to the Court what this term means.   In his affidavit included with his response to

Page **2** of **7**

Defendants' motion, Plaintiff attests that Officer Burns later told him he was transferred to J Block by "placement" in retaliation for the complaints he submitted (*Id.* at 10).   Defendants assert this contradicts Plaintiff's interrogatory response wherein he did not name Officer Burns when asked to identify any person who made any statement or other communication indicating the reason Plaintiff was transferred from AA block to J block (*see* Doc. 50-10 at 1-2).   The Court agrees and disregards this portion of Plaintiff's affidavit.   The Seventh Circuit does not permit a party to create "sham" issues of fact with affidavits that contradict an affiant's interrogatory responses. *See Donohoe v. Consolidated Operating & Production Corp.*, 982 F.2d 1130, 1141 n.4 (7th Cir. 1992); *see also In re Kaiser*, 566 B.R. 550, 556-57 (N.D. Ill. Sept. 25, 2015).

According to the Affidavit of Defendant Steven Strubberg, the records of the Jail indicate that on March 14, 2016, a handwritten note was scanned into the Jail's computer system that was written by an anonymous detainee stating "the guy in Cell 11 stole Brandon Collins commissary the other day" (Doc. 50-2 at ¶ 7; *see* Doc. 50-7).   The Jail records also indicate that a second handwritten note was scanned into the Jail computer system on March 14, 2016 that was written by an anonymous detainee stating, in part, that "the guy in Cell 11" had stolen commissary and that "we want to have him removed to avoid a fight, otherwise its gonna be a race war again" (Doc. 50-2 at ¶ 9; *see* Doc. 50-6).   Jail records indicate that Cell 11 is a two-man cell that housed Plaintiff and a sixty-seven year old male on March 14, 2016 (Doc. 50-2 at ¶ 11).   Defendant Strubberg attests that at the relevant time he was the Housing and Classification Supervisor and would have ordered the transfer of Plaintiff from AA Cell 11 to J Block (*Id.* at ¶ 14).   The transfer, however, would have been made for the maintenance of safety and security at the Jail, and not as a disciplinary measure (*Id.* at ¶¶ 17, 21).   Strubberg attests that the transfer of a detainee based on an anonymous tip from another detainee is a usual and customary practice at corrections institutions

and is necessary for the maintenance of safety and security (*Id.* at ¶ 20).

Plaintiff did not see Defendant Strubberg on the day he was transferred to J Block (Doc. 50-8 at 12).   Plaintiff was housed in J Block from March 14, 2016 until May 8, 2016 (*see* Doc. 50-1).   J Block is not a segregation block or an isolation block (Doc. 50-2 at ¶¶ 25-26).   Plaintiff testified that his cell in A Block was "ten times as big" as his cell in J Block and that the cell doors in J Block do not lock at night (Doc. 50-8 at 14).   Plaintiff testified that A Block is generally safer than J Block (*Id.*).

## <u>Summary Judgment Standard</u>

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).   In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.   *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Plaintiff contends Defendant Strubberg transferred him from a cell in A Block to a cell in J Block on March 14, 2016, in retaliation for Plaintiff filing captain's complaints about conditions at the Jail.   A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution.   *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).   The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action.   *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has held that the burden of proving causation is split between the parties.   *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a "motivating" factor in the defendant's decision to take retaliatory action.   *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence and show that the harm would have occurred anyway, despite the protected activity.   *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff has established the "but-for" causation needed to succeed on his claim.   *Id.*

The evidence before the Court is not sufficient for Plaintiff to make his prima facie case for retaliation against Defendant Strubberg.   Defendant argues Plaintiff's placement in J Block was not a "deprivation" sufficient to state a First Amendment claim.   The Court agrees.   In this

instance, Plaintiff testified that A Block was generally a safer environment and his cell was larger and quieter. However, as attested to by Defendant Strubberg, J Block was not an isolation or segregation unit and it is not apparent that the J Block was significantly different than A Block aside from Plaintiff's perception regarding safety. In evaluating a First Amendment retaliation claim, the standard is whether a person of ordinary firmness would be deterred from continuing to engage in protected conduct based on the alleged deprivation undertaken by Defendant. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). The record here does not support such a finding, particularly because inmates do not have a constitutional right to be housed in any particular part of a jail, and the conditions described do not appear to have presented notably harsh conditions. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Holleman v. Zatecky*, 951 F.3d 873, 881-82 (7th Cir. 2020) (finding the plaintiff did not show that his transfer to a different facility with less library time, being made to share a cell, and having to witness more violence was sufficiently adverse to establish a violation of the First Amendment).

The Court also finds that the evidence, when viewed in the light most favorable to Plaintiff, does not demonstrate that Defendant Strubberg was aware of the complaints or otherwise engaged in any retaliatory action. Indeed, the record is devoid of any indication Defendant Strubberg received or reviewed any captain's complaints prior to Plaintiff's cell transfer on March 14, 2016. In finding Defendant Strubberg had no knowledge of the activities on which Plaintiff bases his retaliation claim, the Court cannot find that Strubberg's placement of Plaintiff in the J Block at the Jail was motivated by retaliation.

Moreover, Defendant Strubberg has provided evidence that the only reason Plaintiff was transferred to J Block was due to an anonymous tip from another detainee in an effort to maintain safety and security at the Jail. Based on the evidence submitted by Defendants, Plaintiff's

speculation regarding Defendant Strubberg's motive cannot overcome the contrary evidence that the cell transfer was not motivated by retaliation.   Accordingly, the Court finds Defendant Strubberg is entitled to summary judgment as a matter of law.

### Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED IN PART AND FOUND AS MOOT IN PART**.   St. Clair County Sheriff is **DISMISSED WITH PREJUDICE**.    The Clerk of Court is directed to enter judgment in favor of Defendant Sgt. Steven Strubberg and against Plaintiff Antrell Teen, and close this case.

**IT IS SO ORDERED.**

**DATED: May 6, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**